OPINION
{¶ 1} Defendant-appellant Brittney R. Martini appeals the October 17, 2001 Judgment Entry of the New Philadelphia Municipal Court which sentenced her for a DUI conviction. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 23, 2000, a trooper with the Ohio State Highway Patrol arrested appellant for operating a motor vehicle while under the influence of alcohol and/or a drug of abuse in violation of R.C.4511.19(A)(1); and failure to drive on the right half of the roadway in violation of R.C. 4511.25. At her September 28, 2000 arraignment, appellant pled not guilty to the charges.
 {¶ 3} On November 8, 2000, appellant filed a motion to suppress. After hearing evidence, the magistrate suppressed the horizontal gaze nystagmus test but found the officer had probable cause for the arrest. This entry was not signed or approved by the trial court and no objection to the magistrate's decision was filed.
 {¶ 4} The matter proceeded to a trial before the magistrate on September 6, 2001. After hearing evidence, the magistrate determined appellant was guilty of both charges and recommended the trial court enter the convictions. However, the record does not indicate the trial court approved the magistrate's decision or separately entered a conviction for the offenses.
 {¶ 5} The matter proceeded to a sentencing hearing before the magistrate on October 8, 2001. At that time, the magistrate recommended a sentence consisting of a fine of $250.00 and court costs of $91.00; assessed 6 points on appellant's driving record; suspended appellant's license; and ordered appellant to serve thirty days in jail with twenty-seven days suspended. Additionally, the magistrate recommended a one year term of probation. On the same date, the trial court approved the magistrate's decision on sentencing. It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 {¶ 6} "I. WHEN THE RECORD DISCLOSES ONLY PROOF THAT MARIJUANA MAY HAVE BEEN INGESTED UP TO 30 DAYS PRIOR TO THE STOP OF A DRIVER AND THE ADMISSION OF SUCH INGESTION HAS NO TIME FRAME ATTACHED TO THE ADMISSION OF INGESTION, THE GOVERNMENT HAS FAILED AS A MATTER OF LAW IN PROVING BEYOND ANY REASONABLE DOUBT THAT THE DRIVER HAD OPERATED A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF MARIJUANA."
 I. {¶ 7} For the reasons set forth in State v. Raney,
2002-Ohio-5295, we dismiss this case for lack of jurisdiction. While the sentencing entry indicates "defendant appeared in court, * * * having previously been found guilty of the violations * * *" the sentencing entry approved by the judge nowhere finds appellant guilty of the charges. Because the trial court failed to approve the entry convicting appellant of the charges, there is no final appealable order in compliance with Crim.R. 32(C). Accordingly, we are without jurisdiction to entertain appellant's appeal.
 {¶ 8} Appellant's appeal is dismissed.
By: Hoffman, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed for lack of jurisdiction. Costs assessed to appellant.